BLD-274                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4084
_____

IN RE:  TOMMIE H. TELFAIR,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. No. 2-13-cv-06585)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 3, 2016

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: June 16, 2016)
_____

OPINION*
_____

PER CURIAM

        Tommie Telfair, a federal prisoner, filed this petition for a writ of prohibition

pursuant to 28 U.S.C. § 1651, seeking an order directing the United States District Court

for the District of New Jersey to grant his motion to vacate his sentence filed pursuant to

28 U.S.C. § 2255.  For the following reasons, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2010, Telfair was convicted of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin in the United States District Court for the District of New Jersey. His judgment of conviction was affirmed on direct appeal. See United States v. Telfair, 507 F. App'x 164 (3d Cir. 2012). On October 25, 2013, Telfair filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In April 2014, the matter was reassigned to a new judge and the Government was directed to respond. After several extensions of time, the Government filed an answer on December 20, 2014. Telfair filed a petition for a writ of prohibition[1] with this Court on December 30, 2015, alleging extraordinary delay in the adjudication of his motion and requesting an order directing the District Court to grant his immediate discharge. Subsequently, on February 17, 2016, the District Court entered an order granting an evidentiary hearing on his Miranda claim and his motion for appointment of counsel, and denying the remaining claims. The Miranda claim remains pending in the District Court.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." Santtini, 963 F.2d at 593. To justify the use of this

_____

[1]Although Telfair titled his petition as one for a writ of prohibition or in the alternative a writ of habeas corpus, the essence of the relief he seeks – mandating that the District Court recognize the merits of his § 2255 motion and order his immediate discharge − is more akin to mandamus. See United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992) ("A writ of mandamus may seem more appropriate if the form of the order is to mandate action, and a writ of prohibition if the order is to prohibit action."). We will therefore

2

extraordinary remedy, Telfair must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired.  See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).

We will deny the petition.  To the extent Telfair alleges that the District Court's handling of the § 2255 motion has left him "without recourse," and warrants this Court's intervention, he cannot be heard to complain of any inordinate delay at this time.  A district court has discretion in managing the cases on its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and mandamus is only warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  It has been just over three months since the order granting the request for counsel was entered.  We remain confident that, once appointed counsel enters an appearance, the District Court will hold an evidentiary hearing in a timely manner.

To the extent Telfair seeks an order from this Court granting habeas relief on the basis of the merits of the § 2255 motion, the petition is denied as he has another adequate means available to attain such relief; once the District Court rules on his Miranda claim, any claims which were denied may be addressed in the course of an ordinary appeal.  See Madden, 102 F.3d at 77 (explaining that mandamus is not a substitute for an appeal, and that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal").[2]

---

construe the filing as a petition for a writ of mandamus.

[2] Similarly, to the extent Telfair seeks relief under the Equal Access to Justice Act or the

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

Federal Torts Claims Act, he must pursue those civil remedies in the appropriate district court.